THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| MARVIN MORRIS | ) | |
| | ) | Civil Action No.   4:21-cv-114 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ABM INDUSTRY GROUPS, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Marvin Morris ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendant ABM Industry Groups ("Defendant"), and for his Complaint shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings claims pursuant to 26 U.S.C. § 7434.

## II.   <u>Jurisdiction and Venue</u>

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### 4.

Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   <u>Parties and Facts</u>

### 5.

Plaintiff was "employed" by Defendant as a Floor Technician from June 15, 2015 to January 7, 2020.

### 6.

Immediately after Plaintiff began employment with Defendant he began working overtime.

7.

Due to high turnover rates at Defendant, Plaintiff would regularly work seventy (70) hours plus per week, or thirty (30) hours in overtime.

8.

Plaintiff regularly worked seven (7) days a week being called in by his supervisor to fill shifts in the event of no shows and low staff.

9.

Plaintiff realized after his first pay check from Defendant that he was not being properly compensated for overtime worked.

10.

During that same week Plaintiff went to his supervisor to inform him that he had not been paid for overtime worked.

11.

Although Plaintiff voiced his concerns, his supervisor only paid him a percentage of his overtime owed for that period, but not the entire amount.

12.

Because Plaintiff knew that he was not being appropriately paid for his overtime worked, he began keeping recordings of his overtime worked for the remainder of his employment.

13.

On or around October 13, 2019, Plaintiff worked overtime when supervisor asked him to cover a shift.

14.

On October 14, 2019, Plaintiff returned to work, but was immediately notified that he would be suspended from October 14, 2019, through October 16, 2019, for working overtime. Plaintiff was paid for his overtime worked on October 13, 2019.

15.

On or around December 6, 2019, Plaintiff requested one (1) day off, which was approved by Plaintiff's manager and second-level supervisor.

16.

On or around December 22, 2019, Plaintiff noticed that his check was incorrect, as it did not include pay for the dates of December 18, 2020, and December 19, 2020, in which Plaintiff worked, and December 20, 2020, in which Plaintiff had been approved for paid vacation.

17.

On December 23, 2019, Plaintiff returned to work.

18.

On or around January 6, 2020, Plaintiff went to speak with his manager regarding this issue of not being paid for the above-reference dates.  His supervisor then alleged that Plaintiff did not have any vacation time to cover December 20, 2019, and that he had been paid for December 18 and December 19.

19.

This allegation was incorrect as he had at least one (1) week of vacation time, prior to taking off on December 20, 2019, and Plaintiff had pay stubs to prove that he had not been paid for working on December 18 and December 19.

20.

During Plaintiff's meeting with his manager, the operations manager came into the office, and confronted Plaintiff because Plaintiff inquired about his rights under the Department of Labor, and wanted to file a grievance.

21.

Plaintiff tried to clarify that he simply wanted to be sure that he was properly compensated for his time worked, but the operations manager, ignored him.

22.

The operations manager then asked Plaintiff to leave suggesting that they continue the conversation with Plaintiff regarding his pay the next day. Plaintiff agreed, and left the office for the day.

23.

On January 7, 2020, Plaintiff came to work, and planned to meet with his manager, the operations manager, and Human Resources Manager to further discuss the hours he believed he had not been compensated.

24.

However, this meeting was not what Plaintiff had anticipated. Plaintiff had learned that he had received a written reprimand for "insubordination" which was without merit. The letter also included an order for termination effective immediately.

25.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

26.

Defendant suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

27.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

28.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

29.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

30.

Throughout his employment with Defendant, Plaintiff was economically dependent on Defendant.

31.

Plaintiff was individually covered under the FLSA by virtue of the nature of the work he performed.

## Count I

## Violation of the Overtime Wage Requirement of
## the Fair Labor Standards Act

32.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

33.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

34.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

35.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

36.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

37.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

38.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Count II**

### **VIOLATION OF 29 U.S.C. § 215(a)(3) (FLSA RETALIATION)**

39.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

40.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

41.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

42.

Defendant is considered a "person" under the FLSA and was prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

43.

Defendant's action, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

44.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

45.

Defendant's violations of the FLSA were willful and in bad faith.

46.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, opposing an employment practice she believed was unlawful under the FLSA.

47.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

48.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to retaliate against Plaintiff.

49.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which she is entitled to recover from Defendant.

50.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D)    Grant Plaintiff leave to add additional state law claims if necessary; and;

12

(E)     Award Plaintiff such further and additional relief as may be just and

appropriate.

Dated this 15th day of April, 2021.

Respectfully submitted,

/s/ Adeash A. Lakraj
ADEASH A. LAKRAJ, ESQ.
Georgia Bar No. 444848
**Morgan & Morgan, P.A.**
191 Peachtree Street Suite 4200
Atlanta, GA 30309
Telephone: (404) 965-1909
Facsimile: (470) 639-6899
E-mail: alakraj@forthepeople.com


s/ Jeremy Stephens
JEREMY STEPHENS, ESQ.
GA Bar No.: 702063
(SDGA Admission Pending)
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 695-1682
E-mail: jstephens@forthepeople.com
***Attorneys for Plaintiff***