## AMENDED SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Marvin Morris ("Morris") and ABM Industry Groups, LLC ("ABM"). Morris and ABM are collectively referred to as the "Parties" to this Agreement. This Agreement supersedes and replaces in its entirety the Confidential Settlement Agreement and General Release signed by Morris and ABM on August 4, 2021 and August 9, 2021, respectively.

WHEREAS, Morris filed a lawsuit against ABM, which is presently pending before the United States District Court for the Southern District of Georgia, Case No. 4:21-cv-114-RSB-CLR, alleging claims relating to his former employment with ABM, specifically claims for alleged unpaid overtime and retaliation in violation of the Fair Labor Standards Act (the "Lawsuit");

WHEREAS, ABM responded to the Lawsuit by denying the validity and substance of the claims presented therein; and

WHEREAS, the Parties now desire to finally resolve, compromise, and settle all claims set forth in the above-referenced Lawsuit, including all FLSA-related claims and disputes between them through the date of signing this Agreement. NOW THEREFORE, in consideration of the agreements, acknowledgements, understandings, and arrangements set forth below, Morris and ABM have settled all claims raised by Morris on the following terms, each of which is a material and express condition of this Agreement:

**1.    Non-Admission.**  This Agreement does not constitute an admission by ABM of any violation of any law or statute, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence of an admission of liability or wrongful conduct of any kind. ABM contends that it timely and fully paid all wages owed to Morris pursuant to the Fair Labor Standards Act during his employment, and ABM denies that it owes Morris for any alleged unpaid wages or any other amount that Morris is claiming or that it retaliated against Morris in any way.

**2.    No Other Claims for Wages.**  Upon receipt of the proceeds specified in this Agreement, Morris agrees that he has been fully paid for all hours worked for ABM and that he does not have any claims for wages, overtime, liquidated damages, attorney's fees, or any other claims against ABM or any other Released Parties.

**3.    Court Approval of Settlement and Dismissal of Lawsuit.**  Morris agrees to take all action necessary to withdraw or otherwise close and dismiss with prejudice any and all claims currently pending against ABM or any other Released Party, including dismissal with prejudice of the Lawsuit in its entirety. Morris understands that this settlement is contingent on dismissal with prejudice of the entire Lawsuit.  The Parties will cooperate in the filing of a revised joint motion for approval of the settlement on or before April 1, 2022.

**4.    Payment to or on behalf of Morris.**  In consideration for Morris's agreement to all the terms, conditions, and promises in this Agreement, ABM will pay to Morris the total gross

amount of **Three Thousand Dollars and No Cents ($3,000.00)** (the "Settlement Payment"). The Settlement Payment will be made as follows:

    **(a)**    A check made payable to "Marvin Morris" in the gross amount of **One Thousand Eight Hundred Dollars and No Cents ($1,800.00)**, as payment for alleged wage-based damages, such amount being subject to payroll and tax withholdings and to be reported on an IRS Form W-2.

    **(b)**    A check made payable to "Morgan & Morgan, P.A." in the amount of **One Thousand Two Hundred and No Cents ($1,200.00)**, as payment for alleged attorney's fees and costs, such amount not being subject to payroll and tax withholdings. This sum shall be reported as to Morris and his counsel on an IRS Form 1099.

    **(c)**    The settlement checks referenced in Paragraphs 4(a)-(b) above will be delivered via certified mail to Jeremy Stephens, Esq. at MORGAN & MORGAN, P.A at P.O. Box 57007, Atlanta, GA 30343-1007, within five (5) days after receipt of the final order from the Court approving this settlement and dismissing the Lawsuit with prejudice. Morris agrees to provide completed W-9 tax forms or other tax forms that may reasonably be requested from himself and his attorneys in relation to the above payments, and Morris understands that delay in providing these forms may delay delivery of the checks.

**5.**    <u>**Waiver and Mutual Release of All Claims Set Forth in the Lawsuit**</u>. In consideration of the Settlement Payment, together with other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Morris, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges ABM and all of its past and present parents, subsidiaries, affiliates, shareholders, and owners thereof, and their respective past and present predecessors, successors, assigns, representatives, partners, officers, directors, insurers, agents and employees (collectively, the "Released Parties") from all claims set forth in the above-referenced Lawsuit, including all FLSA-related claims and disputes between them and any claim for alleged emotional distress damages, liquidated damages, and/or attorneys' fees, through the date of signing this Agreement.

**6.**    <u>**Non-Interference with Investigations**</u>. Nothing in this Agreement shall interfere with Morris's right to cooperate or participate in an investigation or proceeding conducted by the Department of Labor, or other federal or state regulatory or law enforcement agency. However, the promises and other consideration provided to Morris in this Agreement shall be the sole relief provided to Morris for the claims that are released herein. To the extent Morris is awarded any form of monetary relief in subsequent proceedings against any Released Parties based on claims released herein, Morris hereby assigns all such relief to ABM.

**7.**    <u>**Sufficiency of Consideration**</u>. Morris agrees that the Settlement Payment is good and valuable consideration for the release and the other promises and terms in this Agreement. Morris understands and agrees that he is not eligible for or entitled to any payments, wages, benefits, or remuneration from the Released Parties, except as provided in this Agreement.

Morris represents and agrees that he has been paid all of his normal and customary wages for services rendered during his employment with ABM, as well as pay for accrued but unused benefits.

**8.     Transfer of Claims**.  Morris represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement.  Morris agrees to indemnify and hold ABM harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer.  Morris further warrants that there is nothing that would prohibit Morris from entering into this Agreement.

**9.     Employment with ABM**.  Morris acknowledges that: (i) he is no longer employed by ABM, (ii) he has been paid for all hours worked, and paid all remuneration owed to him, including but not limited to all wages, bonuses, and all other payments, (iii) he has not suffered any on-the-job injury for which he has not already filed a workers' compensation claim, (iv) he has received payment for any accrued, but unused, paid time off and has no accrued but unused PTO due to him, and (iv) he has received any leave to which he was entitled during his employment.

**10.     Enforcement of Agreement**. In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

**11.     Payment of Applicable Taxes**.

(a)     Morris acknowledges and agrees that ABM has made no representation to him regarding the tax consequences of any amounts received by him pursuant to this Agreement.  Except for amounts withheld from the above proceeds by ABM for employment taxes, Morris is and shall be solely responsible for all federal, state and local taxes that may be owed by Morris by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Morris agrees to indemnify and hold ABM and all other Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding his portion of any tax obligations that may arise from the monetary consideration made to or on behalf of Morris under this Agreement.  Morris hereby releases and forever discharges ABM from further payments.

(b)     Morris agrees he has made no claims of sexual harassment or abuse and, therefore, neither party believes that Section 162(q) of the Tax Cuts and Jobs Act of 2017 is applicable to this Agreement.  Nevertheless, Morris agrees ABM has

DocuSign Envelope ID: 0468266A-1F5D-49D8-8D93-8AF6444FAA3F

not made any representations to him regarding the legal tax consequences of any funds received pursuant to this Agreement.

12. **Return of Company Property.** Morris acknowledges and agrees that he has returned all of the ABM property in his possession or control. If any of ABM's property is still in Morris's possession or control, he agrees to return such property within ten (10) business days of his execution of this Agreement.

13. **Morris is not a Medicare Beneficiary.** Morris affirms and warrants that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not age 65 or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Morris further affirms and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, ABM for medical expenses incurred by him before or after the execution of this Agreement. Because Morris is not a Medicare beneficiary as of the date of this Agreement, he is not aware of any medical expenses which Medicare has paid and for which ABM is or could be liable now or in the future. Morris is not aware of any liens of any governmental entities, including any liens for Medicare conditional payments, relating to him in any way.

14. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Morris and ABM with respect to any and all disputes or claims asserted or referenced in the Lawsuit as of the date this Agreement is executed, and this Agreement supersedes all other agreements between Morris and ABM with regard to such disputes or claims, including the Confidential Settlement Agreement and General Release signed by Morris and ABM on August 4, 2021 and August 9, 2021, respectively. This Agreement shall not be modified unless in writing and signed by both Morris and ABM and approved by a court of competent jurisdiction or the Department of Labor.

15. **Severability.** Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been drafted and negotiated by both ABM and Morris.

16. **Consideration Period and Revocation Period.** Morris acknowledges that he has been given at least twenty-one (21) days to consider this Agreement. Morris may sign this Agreement at any time during this consideration period, and if he signs this Agreement prior to the end of this twenty-one (21) day period, he shall be conclusively and irrevocably deemed to have waived the remainder of the consideration period. After Morris signs this Agreement, he has seven (7) days from the date he executes this Agreement in which to revoke it, and this Agreement will not be effective or enforceable until after the seven-day revocation period ends without revocation by him. Revocation can be made by delivery of a written notice of revocation by midnight on or

before the seventh calendar day after Morris signs the Agreement to the following attorney for ABM:

Michael Oliver Eckard, Esq.<br>
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,<br>
211 King Street, Suite 200<br>
Charleston, South Carolina 29401

17. **Acknowledgement**. Morris acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Morris enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Morris further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Morris understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Morris also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by ABM and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice. Morris acknowledges that the payment described in Paragraph 4 is a benefit to which he is not otherwise entitled and that it is good and sufficient consideration to support this Agreement. Morris further understands and acknowledges that he is only releasing claims asserted or referenced in the Lawsuit that arose prior to the execution of this Agreement.

18. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless in writing and signed by the party waiving the breach.

19. **Execution**. This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes.

20. **Section/Paragraph Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21. **Choice of Law.** This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies. The Parties further agree that this Agreement may be enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

IN WITNESS WHEREOF, the Parties knowingly and voluntarily executed this Amended Settlement Agreement and Release on the dates set forth below.

*Marvin Morris*  3/23/2022
Marvin Morris  Date

ABM INDUSTRY GROUPS, LLC

Signed: _____  3/25/22
                                  Date

By: _____
    Luke Lindberg

    _____
    Assistant General Counsel